Brett L. Foster, 6089
bfoster@hollandhart.com
Romaine C. Marshall, 9654
rcmarshall@hollandhart.com
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiffs*
*Sundesa, LLC and Runway Blue, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SUNDESA, LLC, a Utah limited liability company, and RUNWAY BLUE, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> PERFECTSHAKERS.COM, a Canadian limited liability company, <br><br> Defendant. | **COMPLAINT** <br><br><br><br><br><br><br><br> Case No. 2:11-cv-00165-BCW <br> Magistrate Judge Brooke C. Wells <br><br> **Jury Demanded** |

Plaintiffs Sundesa, LLC and Runway Blue, LLC (collectively "Sundesa"), by and through counsel allege and complain against Defendant Perfectshakers.com ("Perfect Shakers") as follows:

**PARTIES**

1. Plaintiff Runway Blue, LLC is a Utah limited liability company with a principal place of business in Alpine, Utah.

2. Runway Blue owns all right, title, and interest in U.S. Design Patent No. D510,235 and U.S. Patent No. 6,379,032, which are the subject of this lawsuit. Runway Blue also owns all right, title, and interest in and to the federally registered BLENDER BOTTLE trademark, U.S. Reg. No. 3471977, which is also the subject of this lawsuit.

3. Plaintiff Sundesa is a Utah limited liability company with a principal place of business in Pleasant Grove, Utah.

4. Sundesa is the exclusive licensee of U.S. Design Patent No. D510,235 and U.S. Patent No. 6,379,032, and is the exclusive licensee of the federally registered BLENDER BOTTLE trademark. For simplicity, Runway Blue, LLC and Sundesa, LLC are collectively referred to in this Complaint as "Sundesa."

5. Perfect Shakers, on information and belief, is a Canadian limited liability company with a principal place of business in Alberta, Canada.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act (35 U.S.C. § 271). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338.

7. This action also arises under the Lanham Act. This Court also has subject matter jurisdiction under § 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. § 1338.

8. Perfect Shakers actively conducts business in the state of Utah, either directly through the Internet or through distributors, and has received orders from and has filled and shipped orders to the state of Utah for the infringing products. These tortious acts form the basis of Sundesa's claims against Perfect Shakers. As a result, this Court has personal jurisdiction over Perfect Shakers.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## **GENERAL ALLEGATIONS**

10. Sundesa manufactures, sells, and distributes a portable mixer bottle under the BLENDER BOTTLE mark.

11. Sundesa has invested heavily to protect its intellectual property rights relating to the BLENDER BOTTLE. The utilitarian aspects of the BLENDER BOTTLE are covered by U.S. Patent No. 6,379,032 (the "'032 patent"). A copy of the '032 patent is attached as Exhibit A.

12. The ornamental design of the BLENDER BOTTLE is protected by U.S. Design Patent No. D510,235 (the "'235 patent"). A copy of the '235 patent is attached as Exhibit B.

13. Sundesa has also registered the BLENDER BOTTLE name with the United States Patent and Trademark Office and the Canadian Intellectual Property Office. Copies of the registration for the BLENDER BOTTLE mark in the U.S. and Canada is attached as Exhibit C.

14. The BLENDER BOTTLE is cloaked with a distinctive trade dress which includes a translucent mixer cup topped by a colored lid with a white hinge flip cap that is dimpled and that covers a protruding cylindrical spout (the "BLENDER BOTTLE trade dress"). Representative advertisements depicting the BLENDER BOTTLE trade dress are attached as Exhibit D.

15. Sundesa's BLENDER BOTTLE is the best selling portable mixer bottle on the market today and has received numerous positive reviews from publications such as Readers Digest and SELF magazine and media programs such as Good Morning America and has been the subject of scores of popular media and trade press articles.

16. Perfect Shakers, on information and belief, like others in the industry, is well aware of the goodwill Sundesa has established through its patent rights, trademark rights, and distinctive trade dress in the BLENDER BOTTLE. On information and belief, Perfect Shakers adopted a marketing strategy and philosophy to intentionally and unlawfully trade off that goodwill that Sundesa had built up by infringing Sundesa's patent rights, trademark rights, and trade dress rights. In isolation, any one of the infringement claims raised herein would be a serious problem. Collectively, however, Perfect Shakers' egregious misconduct yields only one conclusion: Perfect Shakers has adopted a strategy to deliberately pilfer and infringe Sundesa's intellectual property rights and unlawfully trade off the extensive goodwill Sundesa has generated and developed.

17. To date, Perfect Shakers has failed and refused to discontinue its theft of and infringement of Sundesa's intellectual property rights. Accordingly, Sundesa has no alternative but to seek the Court's assistance in resolving this matter.

## FIRST CLAIM FOR RELIEF
**(Patent Infringement)**

18. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

19. Perfect Shakers imports, uses, sells, and offers for sale several types of infringing portable mixer bottles at its website, PERFECTSHAKERS.COM. *See* website advertisement depicting Perfect Shakers' ORIGINAL SHAKER, MINI MAGIC BALL SHAKER, MAGIC BALL SHAKER – 800 ml, and PURE SHAKER (collectively, the "SHAKERS") attached as Exhibits E-H. Perfect Shakers' actions as described above, and specifically Perfect Shakers'

unauthorized manufacture, use, importation, offers to sale and sales of the SHAKERS constitutes infringement of the '032 patent and the '235 patent.

20. Perfect Shakers' continued actions of making, using, importing, selling, offering for sale and or distributing the SHAKERS has injured, is injuring, and will cause irreparable injury to Sundesa and Sundesa's patent rights and exclusive market position if not permanently and preliminarily enjoined by this Court.

21. On information and belief, Perfect Shakers has acted willfully, or at the very least, in reckless disregard of Sundesa's patent rights in view of the fact that Perfect Shakers has actual knowledge of Sundesa's patent rights and has continued to make, use, import, sell, or offer for sale the SHAKERS.

22. Sundesa is entitled to an injunction prohibiting Perfect Shakers, in the U.S. and Canada, from further making, importing, using, selling, offering for sale or otherwise distributing the SHAKERS without permission or license from Sundesa under 35 U.S.C. § 283.

23. Sundesa is entitled to recover all damages caused by Perfect Shakers' infringement, together with prejudgment interest and costs under 35 U.S.C. § 284.

24. On information and belief, Perfect Shakers' infringement is willful. On information and belief, Perfect Shakers had knowledge of Sundesa's patent rights but proceeded to copy it knowing that it proceeded despite an objectively high risk that it would infringe a valid patent. Because Perfect Shakers has continued to manufacture, import, use, offer to sale, sell, and otherwise distribute the SHAKERS after having actual knowledge of the '032 patent and the '235 patent without any infringement or invalidity defense, Sundesa is entitled to treble damages under 35 U.S.C. § 284.

25. This is an exceptional case. Sundesa is therefore entitled to an award of attorney's fees under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement – Lanham Act § 43(a))

26. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

27. Sundesa is entitled to legal protection of its BLENDER BOTTLE trade dress under § 43(a) of the Lanham Act, which trade dress includes without limitation a translucent mixer cup topped by a colored lid with a white hinge flip cap that is dimpled and that covers a protruding cylindrical spout, among other things.

28. The BLENDER BOTTLE trade dress has acquired secondary meaning – consumers have come to recognize the BLENDER BOTTLE trade dress as identifying Sundesa as the source of the high quality BLENDER BOTTLE trade dress.

29. Perfect Shakers has so closely imitated and/or copied the BLENDER BOTTLE trade dress that the consuming public has been confused and will continue to be confused as to the source or origin of Perfect Shakers' products and will erroneously believe that Perfect Shakers' products come from Sundesa. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the Sundesa BLENDER BOTTLE and the SHAKERS designs are substantially the same and the resemblance is such to deceive an observer, inducing him to purchase the SHAKERS supposing them to be the BLENDER BOTTLE.

30. On information and belief, Perfect Shakers' copying of Sundesa's BLENDER BOTTLE trade dress was intentional; Perfect Shakers intended to create portable mixer bottles

6

confusingly similar in appearance to Sundesa's BLENDER BOTTLE; and Perfect Shakers has succeeded in producing portable mixer bottles which are confusingly similar in appearance to Sundesa's BLENDER BOTTLE.

31. The SHAKERS and Sundesa's BLENDER BOTTLE products are strikingly similar, substantially duplicated, virtually identical, substantially identical, remarkably similar, essentially duplicated, and/or closely imitated.

32. Perfect Shakers' acts of trade dress infringement have caused and continue to cause damages and injury to Sundesa.

33. Sundesa may recover for its damages an award to compensate Sundesa for injuries and damages it has sustained as a result of Perfect Shakers' conduct which violates § 43(a) of the Lanham Act.

34. Because Perfect Shakers' acts were intentional, willful, and/or deliberate, Sundesa is entitled to an award of treble damages under § 43(a) of the Lanham Act.

35. Sundesa is entitled to an award of pre-judgment interest for the damages sustained as result of Perfect Shakers' wrongful conduct.

36. Perfect Shakers' wrongful, malicious, fraudulent, deliberate, willful, intentional, and/or incredible conduct makes this an exceptional case entitling Sundesa to an award of attorney's fees and costs under the Lanham Act.

37. Sundesa has no adequate remedy at law; Sundesa has suffered and continues to suffer irreparable harm as a result of Perfect Shakers' acts, and is therefore entitled to preliminary and permanent injunctive relief to enjoin Perfect Shakers' wrongful conduct.

**THIRD CLAIM FOR RELIEF**
**(Federal Unfair Competition, False Designation of Origin,**
**Passing Off, and False Advertising – the Lanham Act § 43(a))**

38. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

39. The unauthorized use by Perfect Shakers of the BLENDER BOTTLE trade dress through the sale of knockoff products, the SHAKERS, is likely to cause the public to mistakenly believe that the SHAKERS originate from, are endorsed by, or are in some way affiliated with Sundesa and thus constitutes trade dress infringement, false designation of origin, and passing off. In addition, the BLENDER BOTTLE is likely to lose its significance as an indicator of origin.

40. Perfect Shakers has used the BLENDER BOTTLE trade dress in connection with false and misleading descriptions or representations of fact in promoting the SHAKERS, thereby misrepresenting the nature, characteristics, source, and qualities of its goods, services or commercial activities. Perfect Shakers' actions are thus in violation of § 43(a) of the Lanham Act.

41. As set forth above, on information and belief, Perfect Shakers' misconduct is part of a deliberate plan to trade on the valuable goodwill established by Sundesa and Perfect Shakers' activities and actions have been carried out in willful disregard of Sundesa's rights and constitute a violation of 15 U.S.C. § 1125(a).

**FOURTH CLAIM FOR RELIEF**
**(Common law Unfair Competition, Misappropriation, and**
**Trademark Infringement – Unfair Practices Act, Utah Code Ann. § 13-5-1 *et seq*.)**

42. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

8

43. By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Perfect Shakers continues to misappropriate the valuable goodwill of the BLENDER BOTTLE trade dress, to infringe Sundesa's rights therein and unfairly compete with Sundesa under the common laws of Utah.  Perfect Shakers' use of the BLENDER BOTTLE trade dress to promote, mark or sell products and services constitutes an unfair practice under Utah Code Ann. § 13-5-1 *et seq*.  Perfect Shakers' use of Sundesa's trade dress is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to Sundesa and consumers.

44. Sundesa is entitled to all remedies available under this statute, including enhanced or punitive damages and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Trade Dress Infringement – Canadian Law)

45. Sundesa re-alleges and incorporates by this reference the preceding allegations of this Complaint.

46. Sundesa is entitled to legal protection of its BLENDER BOTTLE trade dress under Section 7(b) of Canada's Trade-marks Act, which trade dress includes without limitation a translucent mixer cup topped by a colored lid with a white hinge flip cap that is dimpled and that covers a protruding cylindrical spout, among other things.

47. The BLENDER BOTTLE trade dress has acquired goodwill – consumers have come to recognize the BLENDER BOTTLE trade dress as identifying Sundesa as the source of the high quality BLENDER BOTTLE trade dress.

48. Perfect Shakers has so closely imitated and/or copied the BLENDER BOTTLE trade dress that the consuming public has been deceived and will continue to be deceived as to

9

the source or origin of Perfect Shakers' products and will erroneously believe that Perfect Shakers' products come from Sundesa. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the Sundesa BLENDER BOTTLE and the SHAKERS designs are substantially the same and the resemblance is such to deceive an observer, inducing him to purchase the SHAKERS supposing them to be the BLENDER BOTTLE.

49. Perfect Shakers' acts of trade dress infringement have caused and continue to cause damages and injury to Sundesa.

50. Sundesa may recover for its damages an award to compensate Sundesa for injuries and damages it has sustained as a result of Perfect Shakers' conduct which violates Section 7(b) of Canada's Trade-marks Act.

51. Sundesa is entitled to an award of pre-judgment interest for the damages sustained as result of Perfect Shakers' wrongful conduct.

52. Perfect Shakers' wrongful, malicious, fraudulent, deliberate, willful, intentional, and/or incredible conduct makes this an exceptional case entitling Sundesa to an award of attorney's fees and costs under Section 7(b) of Canada's Trade-marks Act.

53. Sundesa has no adequate remedy at law; Sundesa has suffered and continues to suffer irreparable harm as a result of Perfect Shakers' acts, and is therefore entitled to preliminary and permanent injunctive relief to enjoin Perfect Shakers' wrongful conduct in the U.S. and Canada.

## REQUESTS FOR RELIEF

WHEREFORE, Sundesa requests that:

A. The Court preliminarily and permanently enjoin, in the U.S., Perfect Shaker, its

officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling or offering for sale or otherwise distributing any product that infringes the '032 patent and the '235 patent, including without limitation, the SHAKERS;

  B. The Court enter judgment against Perfect Shakers for direct infringement of the '032 patent and the '235 patent under 35 U.S.C. § 271;

  C. The Court order that Perfect Shakers account to Sundesa for all sales, revenues, and profits derived from the sale or other distribution of the SHAKERS, and that Perfect Shakers pay to Sundesa all compensatory damages to which Sundesa is entitled by law, including without limitation, lost profits, reasonable royalties, price erosion damages, entire market value damages, and convoyed sales damages;

  D. The Court award Sundesa up to three times the damages found pursuant to 35 U.S.C. § 284;

  E. The Court award Sundesa against Perfect Shakers, the costs and reasonable attorney's fees and expenses incurred in this action pursuant to 35 U.S.C. § 285 and the equitable powers of this Court;

  F. The Court award Sundesa pre-judgment interest against Perfect Shakers on all sums allowed by law pursuant to 35 U.S.C. § 284;

  G. The Court preliminarily and permanently enjoin and restrain, in the U.S. and Canada, Perfect Shakers, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting or acting in concert or active participation therewith from all acts of trade dress infringement and trademark infringement, unfair

competition, deceptive trade practices, including without limitation, infringement of the BLENDER BOTTLE trade dress, as alleged in the Complaint;

H. The Court direct that Perfect Shakers be required to account for and relinquish to Sundesa all gains, profits, and advantages derived by Perfect Shakers through its unlawful conduct complained of in this Complaint;

I. The Court direct that Perfect Shakers pay Sundesa all damages it has sustained as a consequence of Perfect Shakers' wrongful conduct complained of in this Complaint;

J. The Court direct that Perfect Shakers be required to pay Sundesa treble damages under § 43(a) of the Lanham Act for its deliberate and willful misconduct;

K. The Court direct Perfect Shakers to destroy all counterfeit products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing Sundesa's trade dress and to destroy any reproduction, counterfeit, copy, or colorable imitation of Sundesa's portable mixer bottles, and destroy all plates, molds, matrices, and other means of making the same pursuant to § 36 of the Lanham Act;

L. The Court direct that Perfect Shakers pay Sundesa's costs of this action, together with reasonable attorney's fees consistent with the Lanham Act and § 13-11(a)-3 of Utah's Deceptive Trade Practices Act;

M. The Court award Sundesa against Perfect Shakers its damages for injuries and damages it has sustained as a result of Perfect Shakers' conduct which violates Section 7(b) of Canada's Trade-marks Act.

N. The Court award Sundesa such further relief as the Court may deem appropriate.

## JURY DEMAND

Sundesa demands that all claims or causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the Utah and United States Constitutions.

DATED this 11th day of February, 2011.

HOLLAND & HART LLP

/s/ Romaine C. Marshall
Brett L. Foster
Romaine C. Marshall

*Attorneys for Plaintiffs*
*Sundesa, LLC and Runway Blue, LLC*

Plaintiff's Address:
c/o HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101