JOHN D. DENKENBERGER *(Admitted Pro Hac Vice)*
john.denkenberger@cojk.com
JAMES W. ANABLE *(Admitted Pro Hac Vice)*
james.anable@cojk.com
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1420 Fifth Avenue, Suite 2800
Seattle, Washington  98101
Telephone: 206.682.8100
Facsimile: 206.224.0779

R. PARRISH FREEMAN (USB No. 7529)
pfreeman@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: 801.533.9800
Facsimile: 801.328.1707

*Attorneys for Defendant Perfectshakers.com*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUNDESA, LLC, a Utah limited liability company, and RUNWAY BLUE, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PERFECTSHAKERS.COM, a Canadian limited liability company,<br><br>Defendant. | Case No. 2:11-cv-00165<br><br>DEFENDANT PERFECTSHAKERS.COM'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY<br><br>EXPEDITED CONSIDERATION REQUESTED<br><br>Judge Clark Waddoups |

### I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(c), Defendant Perfectshakers.com ("Perfect Shakers") moves the Court for entry of a protective order to stay discovery pending resolution of its

-1-

Motion to Dismiss Plaintiffs' Fifth Claim ("Dismissal Motion," Dkt. No. 32), because the plaintiffs, Sundesa, LLC and Runway Blue, LLC (collectively "Sundesa")[1], prematurely seek discovery on issues that are not properly within the Court's jurisdiction and that are contrary to the interests of judicial economy.

Perfect Shakers' pending and potentially dispositive Dismissal Motion seeks dismissal of Sundesa's fifth claim for relief ("Fifth Claim for Relief") on jurisdictional grounds. Sundesa's fifth claim, which is based entirely on Canadian law, forms the foundation for Sundesa's claim for damages. In fact, upon its dismissal, Sundesa's remaining damages claim will effectively be eliminated. Perfect Shakers clearly establishes good cause for a brief discovery stay pending resolution of its motion to dismiss the Fifth Claim For Relief.

## II.   RELEVANT FACTS

This dispute arises out of Sundesa's claim to intellectual property rights in a bottle that Sundesa manufactures, sells, and distributes as the "BLENDER BOTTLE." Sundesa's Complaint, filed February 11, 2011, accuses Perfect Shakers of: (1) infringing two United States patents; (2) violating U.S. federal and state trademark law; (3) infringing upon United States common law trademark rights; and, (4) violating Canadian trademark law. (Complaint, Dkt. 2.)

Perfect Shakers responded to Sundesa's Complaint by filing its answer and counterclaim on October 6, 2011. (Defendant Perfectshakers.com's Answer and Counterclaims, Dkt. 25.) Two weeks ago (February 13, 2012), Sundesa initiated discovery by serving its First Requests for Production of Documents ("First Production Requests"), a copy which accompanies the Declaration of John Denkenberger (hereinafter "Denkenberger Decl.") ¶ 2 and Exhibit A). These discovery requests clearly encompass a great deal of discovery that

---

[1] The Complaint collectively refers to Sundesa and Runway Blue as "Sundesa" and refers to PerfectShakers.com as "Perfect Shakers." For convenience, that convention is also used in this memorandum.

relates to Perfect Shakers' Canadian activities.  (*See id.* (First Production Requests Nos. 3-16).)  Those Canadian activities have no bearing on Sundesa's U.S. based claims.

The fact is Sundesa has no established Canadian rights.  Sundesa's Fifth Claim for Relief is entirely based on a contention that Sundesa is *entitled* to protection under Canadian trademark law (Complaint, ¶ 46) and provides no substantive bases for personal or subject matter jurisdiction.  Perfect Shakers, on February 23, 2012, addressed this deficiency by filing its Dismissal Motion.

The Dismissal Motion is based on three alternative and separately dispositive grounds: (1) personal jurisdiction over Perfect Shakers is lacking because the claim is based on Canadian law with no related activity taking place in the United States; (2) the claim is an inappropriate extraterritorial enforcement of United States trademark law that wrongfully invades the sovereign powers of the Canadian government and the Canadian court system; and, (3) the facts of record unequivocally call for dismissal based on the doctrine of *forum non conveniens*.

Granting the Dismissal Motion will effectively eliminate Sundesa's remaining U.S. based claims, which arise out of only two isolated sales in the United States.  The first generated US $3,003.92 in total revenue and the second generated US $19.94 in total revenue. (*See* Denkenberger Decl. ¶ 3 and Exhibit B, Declaration of Darren Thompson In Support of Dismissal Motion (hereinafter "Thompson Decl.") ¶ 9.)  Perfect Shakers has provided Sundesa with the entirety of this U.S. sales data.  (*See* Denkenberger Decl. ¶ 4.)

Outside of these random and isolated sales, Perfect Shakers has not and does not do business in the United States.  Perfect Shakers is a Canadian business entity that is operated by 1535674 Alberta Inc., a numbered Alberta Corporation.  Neither Perfect Shakers nor 1535674 Alberta Inc. maintain any offices, bank accounts, telephone numbers, or employees in Utah and they have never been incorporated or paid taxes in Utah.  (*See* Thompson Decl. ¶¶ 3-5.)   There are no employees, agents, or representatives of Perfect Shakers or 1535674 Alberta Inc. who have ever visited Utah or any other location in the United States to

discuss, work on, or conduct business relating to portable mixer bottles that are collectively referred to in the Complaint as the "SHAKERS". (*See* Thompson Decl. ¶ 6.) The perfectshakers.com website referenced in the Complaint that depicted the "SHAKERS" is no longer in operation. Neither 1535674 Alberta Inc. nor Perfect Shakers operates, sponsors, or is affiliated with an Internet website that: (a) is directed to residents of the United States and (b) advertises, sells, or offers to sell the "SHAKERS" or any other portable mixer bottle. (*See* Thompson Decl. ¶¶ 7-8.)

Perfect Shakers' isolated and minimal U.S. activities are history. Perfect Shakers is not engaging in any activity that violates Sundesa's U.S. based rights. There will be no reason for either party to engage in extensive discovery or extensive litigation upon dismissal of Sundesa's Fifth Claim for Relief. As such, staying discovery pending resolution of the Dismissal Motion will prevent needless discovery expenses and further the interests of judicial economy.

### III.   ARGUMENT

For the reasons described below, Perfect Shakers seeks a brief stay under Fed. R. Civ. P. 26(c) of all discovery until the Court rules on the Dismissal Motion.

**A.   Perfect Shakers' Pending and Potentially Dispositive Dismissal Motion Warrants a Stay.**

**1.   The Court Has Broad Discretion to Stay Discovery.**

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). This principle is subject to limitation. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying terms, including time and place, for discovery. Fed. R. Civ. P. 26(c)(1). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). A

district court has wide discretion in controlling discovery.  *See Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Granting a stay pending determination of a potentially dispositive motion is an appropriate exercise of this discretion.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("it is appropriate for a court to stay discovery until a pending dispositive motion is decided"); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D. NC 2003) ("[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion"); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D. D.C. 2001) ("it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending").

A stay is particularly appropriate where the dispositive motion challenges the court's subject matter jurisdiction.  Thus, the Supreme Court has noted that "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."  *United States Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79-80 (1988).  Where a motion to dismiss presents questions of law for which factual discovery is neither necessary nor appropriate, as is typically the case where the defendant challenges the court's subject matter jurisdiction, discovery should be stayed pending a resolution of the motion.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) (discovery at the pleading state is only appropriate where factual issues are raised by a Rule 12(b) motion); *Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).  The obvious rationale for entering a protective order when disposition of a motion may obviate the need for discovery is to conserve the parties' time and resources.  *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).

### 2. Perfect Shakers' Dismissal Motion Is Potentially Dispositive.

Perfect Shakers establishes good cause for entry of a protective order to stay discovery because the Dismissal Motion is potentially dispositive of this case. First, the Dismissal Motion is potentially dispositive because it likely divests the Court of jurisdiction over Sundesa's Fifth Claim for Relief. Under this claim, Sundesa seeks relief for trade dress infringement under Canadian law arising out of Perfect Shakers' alleged activities in Canada. The Dismissal Motion rightfully asserts that Sundesa's Fifth Claim for Relief should be dismissed on jurisdictional grounds because: (1) the Court lacks personal jurisdiction over Perfect Shakers because the claim is based on Canadian law with no related activity taking place in the United States; (2) the Court clearly should decline subject matter jurisdiction because the claim is an inappropriate extraterritorial enforcement of United States trademark law that wrongfully invades the sovereign powers of the Canadian government and the Canadian court system; and, (3) the facts of record unequivocally call for dismissal based on the doctrine of *forum non conveniens*.

The Dismissal Motion also is potentially dispositive because, if successful, it would effectively eliminate Sundesa's remaining claim for damages. Upon dismissal of Sundesa's Fifth Claim for Relief, Sundesa's remaining claim for damages would arise out of only two isolated sales in the United States. The first generated US $3,003.92 in total revenue and the second generated US $19.94 in total revenue. Outside of these sales, Perfect Shakers has not and does not do business in the United States. It does not advertise in the United States. It does not own a website that sells its products to the United States. (*See* Thompson Decl. ¶¶ 4-11.) Following dismissal of the Fifth Claim for Relief, there would be no reason to continue this matter or undertake discovery in the United States. Given the foregoing, a brief stay of discovery pending resolution of the Dismissal Motion is warranted.

### B. The Dismissal Motion Is Meritorious.

Moreover, the Dismissal Motion is clearly meritorious. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689 (M.D. Fla. 2003) (an important factor in determining the

appropriateness of a stay is the strength of the potentially dispositive motion); *Ameritel Inns v. Moffat Brothers*, No. CV 06-359, 2007 WL 1792323, *4 (D. Idaho 2007) (unpublished) (a stay of discovery is appropriate where a dispositive motion has substantial grounds for success and there is the possibility that the defendant may prevail); *see also Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has "substantial grounds"); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (stay where defendants' motion has around a "fifty percent chance" of success).

Here, the entirety of Sundesa's Fifth Claim for Relief arises out of Perfect Shakers' alleged Canadian activities that contravene Section 7(b) of Canada's Trade-marks Act—rights that Sundesa has not established, but claims to be entitled. Moreover, Sundesa's Complaint asks the Court to enter judgment: (1) finding Perfect Shakers in violation of Canadian law; (2) enjoining future violation of that law; (3) awarding damages claimed to be the result of actions that occurred in Canada; and (4) costs and attorney's fees related to the Canadian-based claim pursuant to Sundesa's Fifth Claim for Relief. Based on the foregoing, it is readily apparent that the resolution of Sundesa's Fifth Claim for Relief is properly vested with Canadian courts, and not a United States district court. Perfect Shakers' Dismissal Motion is clearly meritorious and warrants a brief stay in discovery pending its resolution.

C.   **No Prejudice to Sundesa Arises From a Brief Stay of Discovery.**

There also is no prejudice to Sundesa arising from a brief stay in discovery. *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay"). The parties are still in the early stages of litigation where Sundesa only served its first set of discovery about two weeks ago. Sundesa can point to no urgency in pursuing discovery because Perfect Shakers' allegedly infringing product is no longer being sold in the United States. Sundesa also does not seek information in its First Production Requests that is in any way related to the pending

Dismissal Motion. Moreover, if the Court denies the Dismissal Motion, Sundesa will be served with Perfect Shakers' discovery responses 30 days after the ruling. No prejudice arises from a brief stay of discovery.

Furthermore, staying discovery in this case would have the added benefit of avoiding needless discovery expenses and furthering the interests of judicial economy. If the Dismissal Motion is granted, there will be no discovery regarding Perfect Shakers' Canadian activities. Sundesa's remaining claim for damages would arise out of approximately US $3,000 of total revenues; and likely result in the resolution of the parties' dispute. Conversely, allowing discovery to continue would be a waste of time, effort, and resources for counsel and the litigants, and might, in fact, lessen the likelihood of an amicable resolution of this matter.

For the foregoing reasons, Perfect Shakers respectfully requests that the Court enter a protective order staying discovery pending resolution of the Dismissal Motion.

Dated this 27th day of February, 2012.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

/s/ John D. Denkenberger
John D. Denkenberger *(Admitted Pro Hac Vice)*
James W. Anable *(Admitted Pro Hac Vice)*
CHRISTENSEN O'CONNOR JOHNSON
KINDNESS PLLC
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.682.8100
Facsimile: 206.224.0779

R. PARRISH FREEMAN (USB No. 7529)
pfreeman@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: 801.533.9800
Facsimile: 801.328.1707

Attorneys for Defendant Perfectshakers.com